UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

OLINDA ROBLERO, on behalf of herself
and others similarly situated,

    Plaintiff,

v.

LUPITA'S TEX-MEX RESTAURANT, INC.,
a Florida Corporation, EDUARO RIVERA, individually,
and ROBERTO ALVAREZ, individually,

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, OLINDA ROBLERO (hereinafter referred to as "Plaintiff"), is an individual residing in Palm Beach County, Florida.

2. At all times material to this Complaint, Defendants, LUPITA'S TEX-MEX RESTAURANT, INC., a Florida Corporation, EDUARO RIVERA, individually, and ROBERTO ALVAREZ, have owned and operated a Mexican restaurant located at 301 North Dixie Highway, Lake Worth, Florida 33460 in Palm Beach County, within the jurisdiction of the Court.

3. Defendants, EDUARO RIVERA and ROBERTO ALVAREZ, have at all times material to this Complaint owned and managed LUPITA'S TEX-MEX RESTAURANT, INC. and Defendants BUTLER and ALVAREZ have regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which Plaintiff and other employees were compensated, determined how Plaintiff and other employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and/or controlled the finances and

1

day-to-day management operations of LUPITA'S TEX-MEX RESTAURANT, INC. By virtue of such control and authority, Defendants BUTLER and ALVAREZ are employers of Plaintiff and the other employees of LUPITA'S TEX-MEX RESTAURANT, INC. similarly situated to Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

4.  Plaintiff brings this action on behalf of herself and other current and former servers of Defendants similarly situated to her, however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

5.  Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

6.  All of the events, or a substantial part of the events, giving rise to this action, occurred in Palm Beach County, Florida, within the jurisdiction of the United States District Court for the Southern District of Florida, West Palm Beach Division.

7.  At all times material to this Complaint including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, LUPITA'S TEX-MEX RESTAURANT, INC. has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief, and subject to discovery, that at all times material to this Complaint including during the years 2016, 2017, 2018, and 2019, LUPITA'S TEX-MEX RESTAURANT, INC. has employed two (2) or more employees who, *inter alia*, have regularly: (a) handled, worked with, and sold foods—including but not limited to, by way of examples, rice, vegetables, cheese, chicken, fish, steak, ground beef, shrimp, salsa, sour cream, tortillas, eggs, potatoes, and beans—which food products have included items purchased from commercial vendors and have constituted goods and/or materials moved in or produced for commerce; (b)

handled, worked with, and sold beverages—including but not limited to sodas, beer and alcohol that have included, by way of example, Bud Light, Miller Lite, Corona, Heineken, Modelo, Stella Artois, tequila, wine, and soda—all of which beverages have constituted goods and/or materials moved in or produced for commerce; (c) handled and worked on kitchen and commercial equipment—including but not limited to an ovens, grills, and refrigerators—that were goods and/or materials moved in or produced for commerce; and (d) processed credit, debit, and/or electronic payments by and for Defendants' customers through banks and/or merchant services companies including but not limited to Discover, Mastercard, and Visa.

8. Based upon information and belief, the annual gross sales volume of LUPITA'S TEX-MEX RESTAURANT, INC. has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019.

9. At all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, LUPITA'S TEX-MEX RESTAURANT, INC. has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10. During the three (3) year statute of limitations period between approximately April 2017 and January 2019, Plaintiff performed non-exempt duties as a server for Defendants, with Plaintiff's primary job duties consisting of serving food to customers in Defendants' Mexican restaurant.

11. Throughout Plaintiff's employment with Defendants during the three (3) year statute of limitations period between approximately April 2017 and January 2019, Plaintiff regularly worked in excess of Forty (40) hours per week but Defendants have failed to pay Plaintiff

time and one-half wages for all of her actual overtime hours worked each week, with Defendants instead paying Plaintiff varying per delivery amounts (i.e., $7.00 to $9.80 per school delivery each day and for retirement homes, $1.22 per delivery on a Kendall route and $2.75 per delivery in Kendall/Homestead), all without any compensation for her overtime hours as required by the FLSA.

12. Likewise, the other employees of Defendants who are similarly situated to Plaintiff have regularly worked as non-exempt delivery servers, however variously titled, in excess of Forty (40) hours in one or more work weeks during their employment with Defendants within the three (3) year statute of limitations period between February 2016 and the present.

13. However, Defendants have also failed to pay time and one-half wages for all of the actual overtime hours worked by the other non-exempt servers, however variously titled, similarly situated to Plaintiff for all of their actual overtime hours worked within the three (3) year statute of limitations period between February 2016 and the present.

14. The additional persons who may become Plaintiffs in this action are Defendants' current and former non-exempt servers, however variously titled, who have worked for Defendants in one or more weeks between February 2016 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendants at any locations.

15. During the three (3) year statute of limitations period between approximately April 2017 and January 2019, Plaintiff regularly worked as a server for Defendants as many as six (6) days per week with start times as early as approximately 9:45 a.m. and stop times as late as approximately 10:00 p.m., regularly working an average of approximately Forty-Eight (48) hours per week.

16. Subject to discovery, based upon Defendants paying Plaintiff at the regular rate of $10.00 per hour for all hours each week and Plaintiff being owed an average of approximately of Eight (8) unpaid overtime hours per week from Defendants during a total of approximately Ninety (90) work weeks within the three (3) year statute of limitations period between approximately April 2017 and January 2019 at the half-time rate of $5.00 per hour [$10.00/2 = $5.00/hour], Plaintiff's unpaid overtime wages total approximately $3,600.00 [$5.00/hour x 8 Unpaid OT hours/week x 90 weeks = $3,600.00].

17. Based upon information and belief, records of start times, stop times, number of hours worked each day, and total hours worked each week between February 2016 and the present by Plaintiff and Defendants' other non-exempt servers, however variously, titled  are in the possession, custody, and/or control of Defendants.

18. At all times material to this Complaint, Defendants had knowledge of the hours worked by Plaintiff and other similarly situated servers in excess of Forty (40) hours per week between February 2016 and the present, but Defendants nonetheless willfully failed to compensate Plaintiff and the others similarly situated to her at time and one-half their applicable regular rates of pay for all of their overtime hours worked for Defendants, with Defendants instead accepting the benefits of the work performed by Plaintiff and the other employees without paying the time and one-half overtime compensation required by the FLSA, 29 U.S.C. §207.

19. The complete records reflecting the compensation paid by Defendants to Plaintiff and all other similarly situated non-exempt servers, however variously titled, at any location between February 2016 and the present are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

20. Plaintiff, OLINDA ROBLERO, readopts and realleges the allegations contained in Paragraphs 1 through 19 above.

21. Plaintiff is entitled to be paid time and one-half of her applicable regular rate of pay for each hour she worked for Defendants as a non-exempt server in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately April 2017 and January 2019.

22. All similarly situated non-exempt servers, however variously titled, of Defendants are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants at any location but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between February 2016 and the present.

23. Defendants have knowingly and willfully failed to pay Plaintiff and the other non-exempt servers, however variously titled, similarly situated to her at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week between February 2016 and the present.

24. At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff and other non-exempt servers, however variously titled, with time and one-half wages for all of their actual overtime hours worked between February 2016 and the present based upon, *inter alia*, Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees, and instead failing to pay time and one-half wages for the overtime hours that Defendants knew had been worked for

6

the benefit of Defendants.

25. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorneys' fees.

26. Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated non-exempt servers, however variously titled, as a result of which Plaintiff and those similarly situated to her are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

27. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

28. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, OLINDA ROBLERO and any current or former employees similarly situated to her who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, LUPITA'S TEX-MEX RESTAURANT, INC., EDUARO RIVERA, and ROBERTO ALVAREZ, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated:  February 6, 2019								Respectfully submitted,

										By:	**<u>KEITH M. STERN</u>**
											Keith M. Stern, Esquire
											Florida Bar No. 321000
											E-mail:  employlaw@keithstern.com
											LAW OFFICE OF KEITH M. STERN, P.A.
											One Flagler
											14 NE 1st Avenue, Suite 800
											Miami, Florida 33132
											Telephone:  (305) 901-1379
											Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1.     I consent to be a party plaintiff in a lawsuit against Defendants, **Lupita's Tex-Mex Restaurant, Inc., Eduardo Rivera, and Roberto Alvarez**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2.     I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3.     I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

_____
Olinda Roblero