UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-80173-Civ-Middlebrooks/Brannon

OLINDA ROBLERO,

    Plaintiff,

v.

LUPITA'S TEX-MEX RESTAURANT, INC., *et al.*,

    Defendants.
_____/

### **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES TO COMPLAINT [DE 1]**

Defendants, LUPITA'S TEX-MEX RESTAURANT, INC., EDUARO RIVERA, and ROBERTO ALVAREZ, by and through their undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby serve and file Defendants' Answer to Plaintiff's Complaint [DE 1] in the above-styled matter, and state the following:

### **ANSWER**

Defendants deny any allegation not specifically addressed herein and demand strict proof thereof.

1. Defendants lack sufficient knowledge as to Plaintiff's residence, and therefore deny.
2. Admit.
3. Defendants are without knowledge of a "Defendant BUTLER," and therefore deny any allegations regarding that Defendant; admit as to the remainder.
4. Admit that the Plaintiff brings this action and seeks the damages identified.
5. Admit that this Court has jurisdiction.
6. Admit.

7. Admit.

8. Deny.

9. Deny.

10. Deny that the statute of limitations period is three (3) years; admit as to the remainder.

11. Deny.

12. Deny.

13. Deny.

14. Deny.

15. Deny.

16. Deny.

17. Deny that the statute of limitations period is three (3) years; admit as to the remainder.

18. Deny.

19. Deny that the statute of limitations period is three (3) years; admit as to the remainder.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

20. Deny.

21. Deny that the statute of limitations period is three (3) years; admit as to the remainder.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27. Deny.

28. Admit that the Plaintiff demands a jury trial.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to set forth a cause of action for which relief can be granted.

### SECOND DEFENSE

Plaintiff has been lawfully compensated in accordance with the FLSA, the applicable regulations of the U.S. Department of Labor, and/or judicial decisions construing the FLSA.

### THIRD DEFENSE

Plaintiff was paid for all hours worked in accordance with the FLSA.  All monies owed to Plaintiff have been tendered.

### FOURTH DEFENSE

Defendants acted in good faith and had reasonable grounds for believing that its acts were not violative of the FLSA and any claims of willful violations or for a three (3) year limitations period or for liquidated damages under the FLSA should be dismissed. Specifically, no act or omission of Defendants alleged by Plaintiff to have violated the FLSA was willful within the meaning of 29 U.S.C. § 255.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because the alleged acts and omissions of Plaintiff complained of were done in good faith and with reasonable grounds for believing that any alleged act or omission was not in violation of the FLSA.

### SIXTH DEFENSE

Defendants did not adopt or permit to exist a policy or procedure wherein employees were not paid for hours that they worked or were not paid for overtime when appropriate.

## SEVENTH DEFENSE

Some or all of Plaintiff's claims are barred by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because all of the alleged actions taken by Defendants were taken in good faith and in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations and written and unwritten administrative practices or enforcement policies of the Wage and Hour Division of the U.S. Department of Labor.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or part, by the doctrine of *de minimis non curat lex.*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by electronic filing on March 11, 2019, on all counsel or parties of record on the Service List below.

> s/ James C. Solomon
> James C. Solomon, Esq.
> Florida Bar No. 114132
> Primary e-mail: Jcsolomon@scottwagnerlaw.com
> Secondary e-mail: mail@scottwagnerlaw.com
> SCOTT WAGNER & ASSOCIATES, P.A.
> Jupiter Gardens
> 250 South Central Boulevard, Suite 104-A
> Jupiter, FL 33458
> Telephone: (561) 653-0008
> Facsimile: (561) 653-0020
> Secondary Address:  101 Northpoint Parkway
> West Palm Beach, FL 33407

## SERVICE LIST
**Case No. 19-80173-Civ-Middlebrooks/Brannon**

Keith M. Stern, Esq.
Florida Bar No. 321000
Law Office of Keith M. Stern, P.A.
One Flagler
14NE 1st Avenue, Suite 800
Miami, Florida 33132
Telephone:  (305) 901-1379
E-mail:  employlaw@keithstern.com

*Attorney for Plaintiff*